UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR PACHAMANGO,<br><br>                                          Plaintiff,<br><br>        v.<br><br>M/V SEA QUEST, INC.; TRADITION<br>MARINER, L.L.C., a Florida Limited<br>Partnership; M/V PROUD HERITAGE,<br>Official No. 552892; her engines, tackle,<br>apparel, appurtenances, furniture; DOES 1<br>THROUGH 20, inclusive,<br><br>                                          Defendant. | Civil No.    07-cv-0216-LAB (POR)<br><br>**CASE MANAGEMENT CONFERENCE<br>ORDER REGULATING DISCOVERY<br>AND OTHER PRETRIAL<br>PROCEEDINGS**<br>        **(Fed. R. Civ. P. 16)**<br>        **(Local Rule 16.1)**<br>        **(Fed. R. Civ. P. 26)** |

On October 19, 2007, the Court held a Case Management Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure.  Appearing telephonically before the Court were Jessica Voss, on behalf of Plaintiff, and Michael Barcott, on behalf of Defendant.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, IT IS HEREBY ORDERED:

1.    Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **November 30, 2007.**

2.    A Mandatory Settlement Conference shall be conducted on **December 5, 2007,** at **10:00 a.m.,** in the chambers of the Honorable Judge Louisa S. Porter.  Pursuant to Local Civil Rule 16.3, all parties and representatives with complete authority to enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, *must be present* and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference, except

07cv216

1  that by stipulation of the parties the claims adjuster for Defendant need not be present.  All

2  conference discussions will be informal, off the record, privileged and confidential.

3         Counsel shall lodge <u>confidential</u> settlement statements, if any, <u>directly</u> with the chambers of

4  Judge Porter on or before **December 3, 2007**.  Each party's settlement statement shall set forth the

5  party's statement of the case, identify controlling legal issues, concisely set out issues of liability

6  and damages, and shall set forth the party's settlement position, including the last offer or demand

7  made by that party and a separate statement of the offer or demand the party is prepared to make at

8  the settlement conference.  **Settlement conference briefs shall not be filed with the Clerk of the**

9  **Court, nor shall they be served on opposing counsel.**  The settlement briefs may be lodged with

10 chambers via e-mail to: efile_Porter@casd.uscourts.gov.

11        Mandatory settlement conferences shall not be rescheduled without a showing of good cause

12 and adequate notice to the Court.  If counsel wish to reschedule this conference, they shall contact

13 the Court at least ten (10) days prior to the conference.  Absent exceptional circumstances, the Court

14 will not reschedule this conference with less than ten (10) days notice.  <u>Only in extreme</u>

15 <u>circumstances will the Court reschedule a mandatory settlement conference with less than 24 hours</u>

16 <u>notice.</u>

17        3.      On or before **March 10, 2008**, all parties shall exchange with all other parties a list of

18 all expert witnesses expected to be called at trial.  The list shall include the name, address, and

19 phone number of the expert and a brief statement identifying the subject areas as to which the expert

20 is expected to testify.  The list shall also include the normal rates the expert charges for deposition

21 and trial testimony.  On or before **March 24, 2008**, any party may supplement its designation in

22 response to any other party's designation so long as that party has not previously retained an expert

23 to testify on that subject.

24        4.      Each expert witness designated by a party shall prepare a written report to be

25 provided to all other parties <u>no later than</u> **June 16, 2008**, containing the information required by

26 Federal Rule of Civil Procedure 26(a)(2)(A) and (B).

27        *Except as specifically provided below, any party that fails to make these disclosures shall*

28 *<u>not</u>, absent substantial justification, be permitted to use evidence or testimony not disclosed at any*

*hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).*

5.      Any party, through any expert designated, shall in accordance with Federal Rules of Civil Procedure 26(a)(2)(C) and 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party.  Any such supplemental reports are due on or before **June 30, 2008.  Please be advised that failure to comply with expert discovery or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. Rule 37 including a prohibition on the introduction of experts or other designated matters in evidence.**

6.      <u>All</u> discovery, including expert discovery, shall be completed on or before **July 21, 2008**.  *"Completed"* means that all discovery under Federal Rules of Civil Procedure 30-36 must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure.  All disputes concerning discovery shall be brought to the attention of this Court no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred.  Counsel shall meet and confer pursuant to the requirements of Federal Rule of Civil Procedure 26 and Local Rule 26.1(a) before contacting the Court regarding discovery disputes.

7.      All motions, other than motions to amend or join parties or motions in limine, shall be **<u>FILED</u>** on or before **August 18, 2008**.

Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion.  **<u>Be advised that the parties must file their moving papers within three (3) days of receiving the motion hearing date from the Court.  Be further advised that the period of time between the date you request a motion date and the hearing date may be up to 3 or more months.  Please plan accordingly.</u>**

8.      Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without leave of the judge

or magistrate judge who will hear the motion.

9.     Despite the requirements of Local Rule 16.1(f), neither party is required to file Memoranda of Contentions of Fact and Law at any time.  The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the time and date specified by Local Rule 16.1(f)(6)(b) and the Standing Order in Civil Cases issued by Hon. Larry Alan Burns.

10.     All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **November 24, 2008**.  **Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.**

11.     Counsel shall meet together and take the action required by Local Rule 16.1(f)(5) on or before **December 1, 2008**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Local Rule 16.1 (f)(3)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

12.     The proposed final pretrial conference order, including objections any party has to any other parties' Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before **December 8, 2008**, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6).  Counsel shall also bring a copy of the pretrial order to the pretrial conference for the Court.

13.     The final pretrial conference shall be held before the **<u>Honorable Larry A. Burns</u>**, United States District Court Judge, on **December 15, 2008** at **<u>10:45 a.m</u>**.

14.     The dates and times set forth herein will not be further modified except for good cause shown.

///

///

///

- 4 -

07cv216

1    15.    Counsel for Plaintiff shall serve a copy of this order on any parties that enter this case

2  hereafter.

3

4  DATED:  October 30, 2007

5

6

7

8  LOUISA S PORTER
   United States Magistrate Judge

9  cc:        The Honorable Larry A. Burns

10            All parties

- 5 -

07cv216